MAS-20031124

cavana.;;

11/29/2004
02:47 PM

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

# ESCV2004-01877
## Falken Industries Ltd et al v Johansen et al

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 10/12/2004 | Status | Disposed: transferred to other court (dtrans) | | | |
| Status Date | 11/29/2004 | Session | A - Civil-CtRm 2 -rear (Salem) | | | |
| Origin | 1 | Case Type | A01 - Services, labor, materials | | | |
| Lead Case | | Track | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/31/2005 | Answer | 03/11/2005 | Rule12/19/20 | 03/11/2005 |
| Rule 15 | 03/11/2005 | Discovery | 08/08/2005 | Rule 56 | 09/07/2005 |
| Final PTC | 10/07/2005 | Disposition | 12/06/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Falken Industries Ltd
Active 10/12/2004

**Private Counsel 558651**
Carlo Cellai
Cellai & DeNauw
76 Canal Street
Suite 402
Boston, MA 02114
Phone: 617-367-2199
Fax: 617-367-2075
Active 10/12/2004 Notify

**Plaintiff**
Roy Janis
Active 10/12/2004

**Defendant**
Christian Johansen
Service pending 10/12/2004

**Defendant**
Patrick Sautin
Service pending 10/12/2004

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/12/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/12/2004 | | Origin 1, Type A01, Track F. |
| 10/13/2004 | 2.0 | Plaintiff Falken Industries Ltd, Roy Janis's MOTION to extension of |

case01 219876 y y y y y y

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-01877-A**

RE:   **Falken Industries Ltd et al v Johansen et al**

TO:Carlo Cellai, Esquire
  Cellai & DeNauw
  76 Canal Street
  Suite 402
  Boston, MA 02114

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 03/11/2005 |
| All motions under MRCP 12, 19, and 20 filed | 03/11/2005 |
| All motions under MRCP 15 filed | 03/11/2005 |
| All discovery requests and depositions completed | 08/08/2005 |
| All motions under MRCP 56 served and heard | 09/07/2005 |
| Final pre-trial conference held and firm trial date set | 10/07/2005 |
| Case disposed | 12/06/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 2 -rear (Salem) at Essex Superior Court.**

Dated: 10/13/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 503354 inidoc01 vervavad
A TRUE COPY ATTEST
DEPUTY ASST CLERK

| CIVIL ACTION COVER SHEET | | DOCKET NO(s). | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|---|

**PLAINTIFF(S)**
Falken Industries, LTD & Roy Jehis

**DEFENDANT(S)**
Christian Johansen & Patrick Sautin

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Carlo Cellai,
Cellai & DeNauw, LLP Esq
76 Canal St. Suite 402 Boston, MA 02114
Board of Bar Overseers number: 558651

**ATTORNEY** (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contract | ( F ) | ( x ) Yes  ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $............
2. Total Doctor expenses ................................................ $............
3. Total chiropractic expenses ................................................ $............
4. Total physical therapy expenses ................................................ $............
5. Total other expenses (describe) ................................................ $............
   Subtotal $............

B. Documented lost wages and compensation to date ................................................ $............
C. Documented property damages to date ................................................ $............
D. Reasonably anticipated future medical and hospital expenses ................................................ $............
E. Reasonably anticipated lost wages ................................................ $............
F. Other documented items of damages (describe)
   $............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$............
TOTAL $............

*A TRUE COPY, ATTEST*
*[signature]*
*DEPUTY ASST. CLERK*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Defendants entered into an agreement to become directors of the Plaintiff corporation. Defendants commited multiple breaches of the agreement including breaching fiduciary duties. Plaintiffs are seeking declaratory judgment and damages arising out of the conduct of the Defendants. Damages to be determined at trial.

TOTAL $............

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 10/8/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
DOCKET NO. 04-

FALKEN INDUSTRIES, LTD.
and
ROY JANIS,
      Plaintiffs

v.

CHRISTIAN JOHANSEN
and
PATRICK SAUTIN,
      Defendants

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.      The Plaintiff, Falken Industries, Ltd., (hereinafter "Falken") is a New Jersey corporation with its place of business in Paris France.

2.      The Plaintiff, Roy Janis, is an individual who at all times relevant hereto resided at 56 Juniper Road, Andover, Massachusetts and is a shareholder and director of Falken.

3.      The Defendant, Christian Johansen, is an individual residing at Mor Aafesvei 29, Moss, Norway.

4.      The Defendant, Patrick Sautin, is an individual who at all times relevant hereto resided at Joseph Reed Lane, Acton, MA and currently resides at 107 Cours de Vincennes, Paris, France.

5.      Nickel Ltd. is a New Jersey corporation with a usual place of business in Trenton, New Jersey.

6.      The Defendants, Johansen and Sautin, were part of an original group of entrepreneurs whose purpose and objective was the conception, design, production and commercialization of products under the "Clean Plus" general label while at Nickel Ltd.

7.      In an agreement between Nickel and the Defendants, Johansen and Sautin, the Defendants, Johansen and Sautin were to receive shares of "Phantom Stock" in Nickel for their work on the "Clean Plus" product line.

8.      The award of the phantom shares was conditioned upon the Defendants remaining at Nickel.

9.      Falken purchased from Nickel the "Clean Plus" product line in or about August 28, 2003.

10.    Instead of receiving "phantom" shares of stock in Nickel, the Defendants, Johansen and Sautin negotiated with Falken to receive "real" shares of common stock in Falken under certain terms and conditions.

11.    As part of the agreement to purchase, the Defendants, Johansen and Sautin were negotiated for and obtained similar positions with Falken.

12.    The Defendants, Johansen and Sautin entered into a shareholder agreement.

13.    Under the terms of the shareholder agreement, the Defendants, Johansen and Sautin were obligated to remain in their positions in the entrepreneurial enterprise of Falken until December 31, 2005.

14.    The terms of the agreement stated that the "real" shares of Falken stock would be received only if the Defendants remained with Falken until December 31, 2005.

15.    After December 31, 2005, the shares of stock become vested.

16.    On or about September 20, 2003, the Defendant Johansen signed an agreement and became Vice President of Operations (manufacturing) at Falken.

17.    On or about September 20, 2003, the Defendant Sautin signed an agreement and became Vice President of Sales at Falken.

18.    The Defendants began working at Falken in September, 2003.

19.    The Defendant Johansen was directly responsible for purchasing inventory for Falken as part of his duties, and while acting as a director at Falken.

20.    The Defendant Sautin was directly responsible for sales, and while acting as a director at Falken.

21.    Without notice, the Defendants abandoned their positions with Falken in December 2003.

22.    The Plaintiffs demanded the Defendants to return to work on or about January 2004 in accordance with their written agreement.

23.    The Defendants have failed and refused to return to their positions with Falken.

24.    Falken has had to forgo corporate opportunities based on actions taken by the Defendants during the period they remained at Falken.

25.    A review of the records and inventory of Falken reveals that the Defendants, Johansen and Sautin engaged in certain conduct detrimental to the Plaintiffs just prior to their departure in breach of their fiduciary duty to the Plaintiffs.

Count I
Breach of Fiduciary Duty – Duty of Care
(Janis v. Johansen)

26.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

27.    The Plaintiff Janis is a director of the Plaintiff Corporation Falken.

28.    The Defendant Johansen was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

29.    Johansen was responsible for purchasing while acting as a director of Falken.

30.    In breach of his fiduciary duty to the Plaintiffs, Johansen made excessive purchases which overloaded the inventory of Falken.

31.    Johansen knew, or had reason to know, that the inventory of Falken was overloaded based upon his purchases.

32.    As a result of the excessive purchases, Falken has experienced a cash flow deficiency.

33.    As a result of the cash flow deficiency, Falken has had to forego many new business opportunities.

34.    As a result of foregoing business opportunities, the Plaintiffs, Janis and Falken have suffered financially.

35.    The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive.

36.    The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive.

Count II
Breach of Fiduciary Duty – Duty of Care
(Janis v. Johansen)

37.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set for herein.

38.    Janis is a shareholder of the Plaintiff Corporation Falken.

39.    Johansen was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

40.    Johansen was responsible for purchases while acting as a director of Falken.

41.    Johansen made excessive purchases which overloaded the inventory of Falken.

42.     As a result of the excessive purchases, Falken has experienced a cash flow deficiency.

43.     As a result of the cash flow deficiency, Falken has had to forego many new business opportunities.

44.     As a result of forgoing business opportunities, Falken has suffered financially.

45.     Through the actions of Johansen, Falken has had to delay offering its stock in the public markets.

46.     As a result of the delay in stock offering, the Plaintiffs, Janis and Falken have been harmed.

47.     The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive.

48.     The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive.

Count III
Breach of Fiduciary Duty – Duty of Loyalty
(Janis v. Johansen)

49.     The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

50.     Janis is a director of the Plaintiff Corporation Falken.

51.     Johansen was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

52.     Johansen, in his position of Vice President of Operations (manufacturing), was responsible for the placement of purchases for Falken.

53.     Johansen attempted to put Falken out of business through a number of purchases which overloaded the inventory of Falken.

54.     The over-purchasing of inventory has placed a financial burden on Falken.

55.     Falken has had to forego many business opportunities as a result of the financial mismanagement by Johansen.

56.     The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

57.     The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

## Count IV
### Breach of Fiduciary Duty – Duty of Loyalty
(Janis v. Johansen)

58.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

59.    Janis is a director of the Plaintiff Corporation Falken.

60.    Johansen was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

61.    Johansen, in his position of Vice President of Operations (manufacturing), was responsible for the placement of purchases for Falken.

63.    Johansen attempted to put Falken out of business through a number of purchases which overloaded the inventory of Falken.

64.    The over-purchasing of inventory has placed a financial burden on Falken.

65.    Through the actions of Johansen, Falken has had to delay offering its stock in the public markets.

66.    As a result of the delay in stock offering, Janis has been harmed.

67.    The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

68.    The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

## Count V
### Breach of Fiduciary Duty -Fraud
(Janis v. Sautin)

69.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

70.    Janis is a director of the Plaintiff Corporation Falken.

71.    Sautin was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

72.    Sautin was responsible for the sales of Falken while acting as a director of Falken.

73.    Sautin knowingly made false sales projections and reported nonexistent sales.

74.    As a result of the false projections and sales reports, Falken experienced a negative cash flow.

75.    As a result of the negative cash flow, Falken has had to forego many new business opportunities.

76.    As a result of foregoing business opportunities, Falken has suffered financially.

77.    The Defendant, Sautin engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

78.    The Defendant, Sautin engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count VI
Breach of Fiduciary Duty -Fraud
(Janis v. Sautin)

79.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

80.    Janis is a shareholder of the Plaintiff Corporation Falken.

81.    Sautin was, at all times relevant hereto, a director of the Plaintiff Corporation Falken.

82.    Sautin was responsible for the sales of Falken while acting as a director of Falken.

83.    Sautin knowingly made false sales projections and reported nonexistent sales.

84.    As a result of the false projections and sales reports, Falken experienced a negative cash flow.

85.    As a result of the negative cash flow, Falken has had to forego many new business opportunities.

86.    As a result of foregoing business opportunities, Falken has suffered financially.

87.    Through the actions of Sautin, Falken has had to delay offering its stock in the public markets.

88.    As a result of the delay in stock offering, Janis has been harmed.

89.    The Defendant, Sautin engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs..

90.    The Defendant, Sautin engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count VII
Breach of Fiduciary Duty- Duty of Loyalty
(Janis v. Sautin)

91.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

92.    Janis is a shareholder of the Plaintiff Corporation Falken.

93.    Sautin was responsible for the sales of Falken while acting as a director of Falken.

94.    Sautin knowingly made false sales projections and reported nonexistent sales.

95.    As a result of the false projections and sales reports, Falken experienced a negative cash flow.

96.    As a result of the negative cash flow, Falken has had to forego many new business opportunities.

97.    As a result of foregoing business opportunities, Falken has suffered financially.

98.    Through the actions of Sautin, Falken has had to delay offering its stock in the public markets.

99.    As a result of the delay in stock offering, Janis has been harmed.

100.    The Defendant, Sautin engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

101.    The Defendant, Sautin engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count VIII
Breach of Contract – Third Party Beneficiary
(Falken v. Johansen)

102.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

103.    On September 20, 2003 the Defendant Johansen signed an agreement in which he would accept a position as Vice President and a director with Falken.

104.    Falken was an intended beneficiary under the agreement.

105.    Under the terms of the agreement, Johansen would remain at Falken in his position as Vice President and a director until at least December 31, 2005.

106.    Under the terms of the agreement, Johansen would receive shares of common stock in Falken in lieu of monetary compensation.

107.    Under the terms of the agreement, the shares of common stock would only vest if Johansen remained at Falken until December 31, 2005.

108.    Johansen voluntarily and without notice, abandonned his position as Vice President and a director at Falken in December 2003.

109.    Falken has demanded that Johansen return to his position at Falken.

110.    Johansen has failed and refused to return to his position at Falken.

111.    As a result of the actions of Johansen, Falken has been harmed.

Count IX
Breach of Contract – Third Party Beneficiary
(Falken v. Sautin)

112.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

113.    On September 20, 2003 the Defendant Sautin signed an agreement in which he would accept a position as Vice President and a director with Falken.

114.    Falken was an intended beneficiary under the agreement.

115.    Under the terms of the agreement, Sautin would remain at Falken in his position as Vice President and a director until at least December 31, 2005.

116.    Under the terms of the agreement, Sautin would receive shares of common stock in Falken in lieu of monetary compensation.

117.    Under the terms of the agreement, the shares of common stock would only vest if Sautin remained at Falken until December 31, 2005.

118.    Sautin voluntarily and without notice abandonned his position as Vice President and a director at Falken in December 2003.

119.    Falken has demanded that Sautin return to his position at Falken.

120.    Sautin has failed and refused to return to his position at Falken.

121.    As a result of the actions of Sautin, Falken has been harmed.

Count X
Breach of Implied Covenant of Good Faith and Fair Dealing – Third Party Beneficiary
(Falken v. Johansen)

122.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

123.    The Defendant signed an agreement in which he agreed to assume a position with Falken on or about September 20, 2003.

124.    Falken was an intended beneficiary under the agreement.

125.    Under the terms of the agreement, the Plaintiff Falken was to receive the benefit of obtaining Johansen as a Vice President and director of Falken.

126.    Under the terms of the agreement, the Defendant Johansen was to receive shares of common stock in Falken in exchange for a position as Vice President and a director at Falken.

127.    The Defendant Johansen voluntarily abandonned his position at Falken in or about December 2003 without notice.

128.    The Plaintiff Falken has demanded the Defendant Johansen to return to his position at Falken.

129.    The Defendant Johansen has failed and refused to return to his position at Falken.

130.    The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

131.    The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XI
Breach of Implied Covenant of Good Faith and Fair Dealing – Third Party Beneficiary
(Falken v. Sautin)

132.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

133.    The Defendant signed an agreement in which he agreed to assume a position with Falken on or about September 20, 2003.

134.    Falken was an intended beneficiary under the agreement.

135.    Under the terms of the agreement, the Plaintiff Falken was to receive the benefit of obtaining Sautin as a Vice President and director of Falken.

136.    Under the terms of the agreement, the Defendant Sautin was to receive shares of common stock in Falken in exchange for a position as a director at Falken.

137.    The Defendant Sautin voluntarily abandonned his position at Falken in or about December 2003 without notice.

138.    The Plaintiff Falken has demanded the Defendant Sautin to return to his position at Falken.

139.    The Defendant Sautin has failed and refused to return to his position at Falken.

140.    The Defendant, Sautin engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

141.    The Defendant, Sautin engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XII<br>Fraudulent Misrepresentation<br>(Janis v. Johansen)

142.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

143.    Janis is a shareholder of the Plaintiff Corporation Falken.

144.    Janis relied upon the representations of Johansen that he would remain at Falken as a director through December 31, 2005.

145.    The Defendant Johansen knew or had reason to know that Janis relied upon the representations.

146.    Johansen knew that at the time the representations were made, that he did not intend to remain at Falken for the two year period.

147.    As a result of the representations made by Johansen, Janis made several additional investments in Falken.

148.    On or about December 2003, Johansen voluntarily abandonned his position at Falken.

149.    As a result of the actions of Johansen, Falken has had to delay offering its stock in the public markets.

150.    As a result of the delay in stock offering, Janis has been harmed.

151.    The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

152.    The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XIII<br>Fraudulent Misrepresentation<br>(Janis v. Sautin)

153.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

154.    The Plaintiff Janis is a shareholder of the Plaintiff Corporation Falken.

155.    The Plaintiff Janis relied upon the representations of the Defendant Sautin that he would remain at Falken as a director through December 31, 2005.

156.    The Defendant Sautin knew or had reason to know that Janis relied upon the representations.

157.    As a result of the representations made by Sautin, Janis made a larger investment in Falken.

158.    On or about December 2003, Sautin voluntarily left his position at Falken.

159.    As a result of the actions of Sautin, Falken has had to delay offering its stock in the public markets.

160.    As a result in the delay of stock offering, Janis has been harmed.

### Count XIV
### Fraudulent Misrepresentation
### (Falken v. Johansen)

161.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

162.    On September 20, 2003 the Defendant Johansen represented that he would accept a position as a director with Falken.

163.    Johansen represented that he would remain at Falken in his position as director until at least December 31, 2005.

164.    Falken relied upon the representations made by Johansen.

165.    Johansen knew, or had reason to know, that Falken relied upon his representations.

166.    Johansen knew at the time of the representations that he would not remain at Falken for the two year period.

167.    Johansen voluntarily abandonned his position as director at Falken in December 2003.

168.    As a result of the actions of Johansen, Falken has been harmed.

### Count XV
### Fraudulent Misrepresentation
### (Falken v. Sautin)

169.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

170.    On September 20, 2003 the Defendant Sautin represented that he would accept a position as a director with Falken.

171.    Sautin represented that he would remain at Falken in his position as director until at least December 31, 2005.

172.    Falken relied upon the representations made by Sautin.

173.    Sautin knew, or had reason to know, that Falken relied upon his representations.

174.    Sautin knew at the time of the representations that he would not remain at Falken for the two year period.

175.    Sautin voluntarily abandonned his position as director at Falken in December 2003.

176.    As a result of the actions of Sautin, Falken has been harmed.

Count XVI
Declaratory Judgment
(Falken v. Johansen)

177.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

178.    Johansen signed a "Shareholder Cross Protection Agreement" on or about September 30, 2003.

179.    Under the agreement, Johansen agreed to be bound by the terms of the agreement.

180.    Falken did not sign the "Shareholder Cross Protection Agreement."

181.    Under the terms of the agreement, Johansen agreed to assume a position as a Vice President and a director with Falken.

182.    Under the terms of the agreement, Johansen agreed to accept shares of common stock in Falken in lieu of monetary compensation or wages.

183.    Under the terms of the agreement, Johansen was required to remain in the position as Vice President and a director with Falken until at least December 31, 2005 in order to receive the shares of stock.

184.    Falken seeks to have Johansen bound by the terms of the "Shareholder Cross Protection Agreement".

## Count XVII
### Declaratory Judgment
### (Falken v. Sautin)

185.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

186.    Sautin signed a "Shareholder Cross Protection Agreement" on or about September 30, 2003.

187.    Under the agreement, Sautin agreed to be bound by the terms of the agreement.

188.    Falken did not sign the "Shareholder Cross Protection Agreement."

189.    Under the terms of the agreement, Sautin agreed to assume a position as Vice President and a director with Falken.

190.    Under the terms of the agreement, Sautin agreed to accept shares of common stock in Falken in lieu of monetary compensation or wages.

191.    Under the terms of the agreement, Sautin was required to remain in the position as Vice President and a director with Falken until at least December 31, 2005 in order to receive the shares of stock.

192.    Falken seeks to have Sautin bound by the terms of the "Shareholder Cross Protection Agreement".

## Count XVIII
### Malicious Prosecution
### (Falken v. Johansen)

193.    The Plaintiff, Falken, reincorporates each and every paragraph as if specifically set forth herein.

194.    The Defendant, Johansen, has filed a lawsuit in France seeking payment of alleged monies due and owing.

195.    The court in France is a labor board court which does not hear counterclaims such as sounded in this complaint.

196.    At the time Johansen agreed to collaborate with Falken, he signed an agreement in which he would receive shares of Falken in lieu of monetary compensation.

197.    These shares in Falken would only vest upon the completion of two years in which Johansen agreed to remain as a Vice President and a director of Falken.

198.    The lawsuit in France is wholly without merit and was done solely to embarrass Falken in a further attempt to put the company out of business.

199.   If Falken went out of business then, under prevailing French law, the Defendant Johansen would be summarily granted an award for damages which would be paid by the state (France).

200.   The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs..

201.   The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XIX
Malicious Prosecution
(Falken v. Sautin)

202.   The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

203.   The Defendant, Sautin, has filed a lawsuit in France seeking payment of alleged monies due and owing.

204.   The court in France is a labor board court which does not hear counterclaims such as sounded in this complaint.

205.   At the time Sautin was hired by Falken, he signed an agreement in which he would receive shares of Falken in lieu of monetary compensation.

206.   These shares in Falken would only vest upon the completion of two years in which Sautin agreed to remain as a Vice President and a director of Falken.

207.   The lawsuit in France is wholly without merit and was done solely to embarrass Falken in a further attempt to put the company out of business.

208.   If Falken went out of business then, under prevailing French law, the Defendant Sautin would be summarily granted an award for damages which would be paid by the state (France).

209.   The Defendant, Sautin engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs..

210.   The Defendant, Sautin engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XX
Conspiracy to Commit Fraud
(Falken v. Johansen and Sautin)

211.   The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

212.   The Defendants conspired to place Falken in a tenuous financial position that would cause the company to go out of business.

213.   Sautin, as Vice President of Sales, knowingly made false sales projections and reported inexistent sales.

214.   Johansen, as Vice President of Operations (manufacturing), knowingly overloaded the inventories of Falken by making purchases that were greatly beyond the requirements and economic possibilities of Falken.

215.   The Defendants knowingly and repeatedly transmitted by facsimile, regular and certified mail, a number of "resignations" which were meant to denigrate Falken, its officers and directors all in a manner calculated to ensure dissemination to all offices and employees at Falken.

216.   The Defendants actions caused Falken to experience cash flow deficiencies and lose several suppliers and clients.

217.   The Defendants engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

218.   The Defendants engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XXI
Misappropriation of Corporate Funds
(Falken v. Johansen)

219.   The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

220.   Johansen was, at all times relevant hereto, acting as Vice President of Operations (manufacturing).

221.   Johansen was responsible for the purchasing requirements of Falken.

222.   Johansen knew, or had reason to know, the purchasing requirements of Falken.

223.   Johansen made purchases which severely overloaded the inventories of Falken.

224.   Johansen knew the improper purpose of the purchases was to cause Falken to go out of business.

225.   The Defendant, Johansen engaged in such conduct with an ulterior purpose and motive which was detrimental to the Plaintiffs.

226.   The Defendant, Johansen engaged in such conduct to profit from the ulterior purpose and motive which was detrimental to the Plaintiffs.

Count XXII
Civil Conspiracy
(Falken v. Sautin and Johansen)

227.    The Plaintiff reincorporates each and every preceding paragraph as if specifically set forth herein.

228.    The Defendants Sautin and Johansen conspired to place the Plaintiff Falken in financial distress.

229.    The Defendants Sautin and Johansen acted in furtherance of the conspiracy to place Falken in financial distress by overloading the inventories and by making false sales projections and reporting non-existent sales.

230.    The Defendants Sautin and Johansen further alienated the existing clients and suppliers of Falken by engineering a failing to pay the outstanding debts incurred as a result of their excessive purchases and other actions.

231.    The Defendants Sautin and Johansen desired to place Falken in financial distress for the purpose of making Falken go out of business.

232.    The Defendants Sautin and Johansen filed a false and specious complaint in the French Labor court seeking the payment of alleged monies claimed as due and owing.

233.    If Falken failed to stay in business, it could be defaulted in the French Labor Court.

234.    Under the French labor law, the State pays for an award of damages against a defunct corporation, to a plaintiff in the French Labor Court.

235.    Under French labor law, the State then pursues the company or the bankruptcy trustee equivalent in order to repay any damages paid by the state.

236.    The Defendants Sautin and Johansen knew that, if Falken ceased to operate as a business, they would be awarded damages by default in the French Labor Court.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in the following manner:

a.    all direct, incidental and consequential damages;

b.    costs;

c.    attorney fees; and

d.    interest,

e.    for such further, additional and different relief as to this court may seem just and proper.

The Plaintiffs
**FALKEN INDUSTRIES, LTD.**
**and**
**ROY JANIS,**

_____

Carlo Cellai, Esq.
76 Canal Street, Suite 402
Boston, Massachusetts 02114
(617) 367-2199
BBO No. 558651

2

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss
SUPERIOR COURT DEPARTMENT
DOCKET NO. 04-

FALKEN INDUSTRIES, LTD.
and
ROY JANIS,
     Plaintiffs



v.

CHRISTIAN JOHANSEN
and
PATRICK SAUTIN,
    Defendants

### PLAINTIFFS MOTION FOR EXTENTION OF THE TIME LIMIT FOR SERVICE PURSUANT TO MASS.R.CIV.P. 4(J) IN ORDER T COMPLETE SERVICE ON FOREIGN NATIONALS UNDER THE HAGUE CONVENTION

Now comes the Plaintiffs and moves that this honorable Court issue and ORDER which allows the Plaintiffs and extension of time to serve the Summons and Complaint on the Defendants in the above matter in accordance with Mass.R.Civ.P. 4(j). In support thereof, the Plaintiffs state through counsel that the Defendants are foreign nationals who are currently residing in Paris, France. Since they are foreign nationals who are residing outside of the United States, they must therefore be served in accordance with the Hague Convention, 20 UST § 361. In order to properly serve the Defendants under the Hague Convention in France, the Plaintiffs must use the company APS International, Ltd., a company with knowledge and experience in serving process under the Hague Convention. The process serving company, the serving of process requires a longer period of time than is allowable under Mass.R.Civ.P. 4(j). The amount of time estimated by the process server to serve the Defendants in Paris, France is sixteen to twenty weeks.

In addition to the time required for service of process, under the Hague Convention the Plaintiffs must translate the documents into the native language of the Defendants. One of the Defendants, Christian Johansen is originally from Norway and the Defendant, Patrick Sautin is from France. Under the terms of the Hague Convention, the Complaint and Summons must be translated into the native language of the Defendant. Accordingly, the Plaintiffs are in need of an additional four weeks to have the Complaint and Summonses translated into both French and Norwegian.

Therefore the Plaintiffs require an additional extension of four weeks within which to prepare and serve the Summons and Complaint in this matter. Accordingly, the Plaintiffs request that they be allowed up to and including March 31, 2005 to serve the Summons and Complaint in this matter, all in accordance with the Hague Convention.

WHEREFORE, the Plaintiffs request that they be allowed up to and including March 31, 2005 to serve the Summons and Complaint in this matter, all in accordance with the Hague Convention on the above named foreign national defendants.

The Plaintiffs
**FALKEN INDUSTRIES, LTD.**
**and**
**ROY JANIS,**

Carlo Cellai, Esq.
76 Canal Street, Suite 402
Boston, Massachusetts 02114
(617) 367-2199
BBO No. 558651

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
DOCKET NO. 04-



FALKEN INDUSTRIES, LTD.
and
ROY JANIS,
     Plaintiffs

v.

CHRISTIAN JOHANSEN
and
PATRICK SAUTIN,
    Defendants

## MOTION FOR SPECIAL PROCESS SERVER TO SERVE PROCESS UNDER THE HAGUE CONVENTION PURSUANT TO MASS.R.CIV.P. 4(C)

Now comes the Plaintiff and moves that this Honorable Court permit the Plaintiff to serve the Summons and Complaint and all other necessary documents upon the Defendants by Special Process Server, APS International, Ltd. In support thereof, the Plaintiffs state through counsel that the Defendants are foreign nationals who are currently residing in Paris, France. The Special Process Server, APS International, Ltd. is a company which have significant experience in serving foreign nationals in countries other than the United States. Accordingly, the Plaintiffs move in accordance with Mass.R.Civ.P. 4(c) to have APS International, Ltd. appointed special process server in the above referenced matter.

WHEREFORE, the Plaintiff moves that this Honorable Court permit the Plaintiff to serve the Summons and Complaint on the above mentioned foreign national Defendants by through the use of special process server, APS International, Ltd..

The Plaintiff,
**FALKEN INDUSTRIES, LTD.**
**and**
**ROY JANIS,**

by its attorney

Carlo Cellai, Esq.
**CELLAI & DeNAUW, LLP**
76 Canal Street, Suite 402
Boston, Massachusetts 02114
(617) 367-2199
BBO No. 558651

MAS-20020121
brennanj

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2004-01877
## Falken Industries Ltd et al v Johansen et al

| | | | | |
|---|---|---|---|---|
| File Date | 10/12/2004 | **Status** | Needs review for service (acneserv) | |
| Status Date | 10/12/2004 | **Session** | A - Civil-CtRm 2 -rear (Salem) | |
| Origin | 1 | **Case Type** | A01 - Services, labor, materials | |
| Lead Case | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 01/10/2005 | **Answer** | 03/11/2005 | **Rule12/19/20** | 03/11/2005 |
| Rule 15 | 03/11/2005 | **Discovery** | 08/08/2005 | **Rule 56** | 09/07/2005 |
| Final PTC | 10/07/2005 | **Disposition** | 12/06/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Falken Industries Ltd
Active 10/12/2004

**Private Counsel 558651**
Carlo Cellai
Cellai & DeNauw
76 Canal Street
Suite 402
Boston, MA 02114
Phone: 617-367-2199
Fax: 617-367-2075
Active 10/12/2004 Notify

**Plaintiff**
Roy Janis
Active 10/12/2004

**Defendant**
Christian Johansen
Service pending 10/12/2004

**Defendant**
Patrick Sautin
Service pending 10/12/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/12/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/12/2004 | | Origin 1, Type A01, Track F. |
| 10/13/2004 | 2.0 | Plaintiff Falken Industries Ltd, Roy Janis's MOTION to extension of |

case01 219876 y y y y y y

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

### ESCV2004-01877
### Falken Industries Ltd et al v Johansen et al

| Date | Paper | Text |
|------|-------|------|
| | 2.0 | the time limit for service pursuant to Mass R CivP4(J) in order to complete service on foreign nationals under the Hague Convention. |
| 10/13/2004 | 3.0 | Plaintiff Falken Industries Ltd's MOTION for appointment of special process server APS International, LTD |

**EVENTS**

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

Superior Court
Civil Action No. ESCV 04-1877

FALKEN INDUSTRIES, LTD. and
ROY JANIS,

> Plaintiffs,

v.

CHRISTIAN JOHANSEN and
PATRICK SAUTIN,

> Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

You are hereby notified that Defendants Patrick Sautin and Christian Johansen have removed this action to the United States District Court for the District of Massachusetts by filing a Notice of Removal on November 23, 2004. A copy of the Notice of Removal is attached as Exhibit A.

A TRUE COPY, ATTEST

_____
DEPUTY ASS'T CLERK

CI1-1245167v1

Dated: November 24, 2004

Respectfully submitted,
DEFENDANTS CHRISTIAN JOHANSEN
AND PATRICK SAUTIN

By their attorneys,

Thomas E. Peisch, Esq. (BBO #393260)
Kurt B. Fliegauf, Esq. (BBO # 564329)
Amy C. Stewart, Esq. (BBO # 655896)
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, Massachusetts 02109
Telephone:  (617) 482-8200
Facsimile:  (617) 482-6444

OF COUNSEL:
John M. Majoras, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

Dustin B. Rawlin, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTEST

(CLERK)

CLI-1245167v1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record on this the 24th day of November, 2004, via U.S. Mail, postage pre-paid:

Carlo Cellai, Esq.
76 Canal Street, Suite 402
Boston, MA 02114
Attorneys for Plaintiff

Attorneys for Defendants
Christian Johansen & Patrick Sautin

- 3 -



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No. _____

FALKEN INDUSTRIES, LTD. and
ROY JANIS,

     *Plaintiffs,*

     v.

CHRISTIAN JOHANSEN and
PATRICK SAUTIN,

     *Defendants.*



04 ~ 12479 MEL

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Christian Johansen and Patrick Sautin hereby give notice of removal of this action from the Superior Court of Essex County, Massachusetts to this Court. As grounds for removal, Defendants state as follows:

**A.     Factual and Procedural Background**

1.     Christian Johansen ("Johansen") and Patrick Sautin ("Sautin") are defendants in a civil action filed in, and presently pending before, the Superior Court of Essex County, Massachusetts, styled as <u>Falken Industries, Ltd. and Roy Janis v. Christian Johansen and Patrick Sautin</u>, Case No. ESCV 04-1877 (the "State Court Action").

2.     Plaintiff Roy Janis ("Janis") alleges that Defendants breached fiduciary duties and made fraudulent misrepresentation      Complaint, Counts I-VII, XII-XIII.)

3.     Plaintiff, Falken I̱     ̱es, Ltd. ("Falken") alleges that Defendants breached an employment contract with Falken, breached implied convenants of good faith and fair dealing, made fraudulent misrepresentations, engaged in malicious prosecution, conspired to commit