**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-11535-GAO

JEAN E. TEPASKE,
Plaintiff

v.

CAROLINE S. DELGADO,
Defendant

MEMORANDUM AND ORDER
November 19, 2003

O'TOOLE, D.J.

The plaintiff, Jean TePaske, brought suit in the Massachusetts Land Court seeking damages and specific performance of a purchase and sale agreement for the conveyance of real property. The defendant, Caroline Delgado, removed the action to this Court asserting jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). TePaske has moved to remand the action to the Land Court, arguing that diversity of citizenship is lacking. In addition to opposing the motion to remand, Delgado has moved to disqualify TePaske's counsel and to stay discovery pending resolution of the motions.

For the reasons set forth below, TePaske's motion to remand is GRANTED. Delgado's motions to disqualify counsel and stay discovery, as far as this Court is concerned, are MOOT.

I.  **Summary of Facts**

Delgado owns a parcel of real property located in West Tisbury, Massachusetts, on the island of Martha's Vineyard. In 1998, she and TePaske entered into a purchase and sale agreement pursuant to which TePaske agreed to make installment payments over a number of years, with the

final payment and closing date scheduled for July 16, 2003. At the scheduled closing, a dispute arose between the parties, and the conveyance was not consummated.

On July 22, 2003, TePaske filed a complaint in the Massachusetts Land Court, and on August 14, 2003, Delgado removed the action to this Court. It is undisputed that TePaske is a Massachusetts citizen, but the parties disagree as to Delgado's citizenship. Delgado herself argues that she is a New York citizen; TePaske argues that Delgado is a Massachusetts citizen. The record reflects the following facts pertinent to this dispute.

Delgado owns a home on the property at issue in West Tisbury. She generally spends each summer, June to September, in Massachusetts and is absent the rest of the year. In Massachusetts, she has a car registered, holds a driver's license, is registered to vote, and pays real property taxes. So far as appears, she has never voted in Massachusetts.

Delgado also rents an apartment in New York City. Critically, she has provided no specific information about how much time she spends in New York or even the number of times each year she travels there. In March 2003, Delgado registered to vote as a resident of New York by absentee ballot from Madrid, Spain. There is no evidence that she has ever previously registered to vote or voted in New York. Delgado further says that she maintains a bank account and an investment account in New York, and her accountant and estate planning attorney are in New York. Her accountant avers that her "tax returns are filed out of New York, utilizing a New York address," but does not say that she actually files New York State tax returns.

Delgado apparently also owns property in Madrid, Spain, where she travels each fall after spending the summer in Massachusetts. She holds a Spanish driver's license. She also owns or rents property in San Diego, California. There is no evidence of the amount of time she spends in either Spain or California.

II.   **Diversity of Citizenship**

This Court has authority to hear this matter arising under state law only if jurisdiction is proper under 28 U.S.C. § 1332(a)(1), which provides for federal jurisdiction over controversies between "citizens of different States." Section 1332 is construed strictly against federal jurisdiction to avoid infringing the rights of state courts to determine matters of state law. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76 (1941); see also Hawes v. Club Ecuestre el Comandante, 598 F.2d 698, 701-02 (1st Cir. 1979). Any doubts concerning diversity should be resolved against jurisdiction and in favor of remand to the state court. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Delgado, who has invoked jurisdiction pursuant to § 1332, has the burden to demonstrate the existence of diversity of citizenship. E.g., Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). To meet that burden, it is not enough for her either to negate the proposition that she is a citizen of Massachusetts or to argue in the alternative that she is domiciled in Spain. A United States citizen who establishes her domicile abroad cannot sue or be sued in federal court based on diversity of citizenship because she will fail both the "citizens of different States" requirement of § 1332(a)(1) and the "citizens or subjects of a foreign state" requirement of § 1332(a)(2). See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990). Accordingly, to invoke diversity jurisdiction, Delgado must affirmatively demonstrate that she is a citizen of a specific State other than Massachusetts, under the following test:

> For purposes of diversity jurisdiction, citizenship usually is equated with domicile. A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Domicile requires both physical presence in a place and the intent to make that place one's home.

<u>Valentin</u>, 254 F.3d at 366 (citations and internal quotation marks omitted).

TePaske argues that Delgado is domiciled in Massachusetts because she owns property in West Tisbury, and she lives there part of each year, registers her car there, holds a Massachusetts driver's license, is registered to vote in West Tisbury, and pays real property taxes there. Delgado denies that she maintains her domicile in Massachusetts and argues that she maintains only a temporary summer vacation home in West Tisbury. She argues instead that she maintains her domicile in New York because in New York she maintains an apartment, recently registered to vote by absentee ballot, files her tax returns, employs an attorney and an accountant, maintains her bank account, and keeps her estate planning documents.

After careful consideration of the evidence the parties have offered, I find myself persuaded by neither party's argument. Delgado's evidence does not sufficiently demonstrate that New York is her true, fixed, and principal home. Her disclosed contacts with New York are more or less of a business nature, and while perhaps consistent with domicile, they are insufficient by themselves to demonstrate her intent to make New York her home. The evidence that she recently registered to vote as a resident of New York is also insufficient. She is, after all, also registered to vote in Massachusetts. Moreover, she only recently registered to vote in New York, and she plans to vote by absentee ballot. She has provided no evidence that she has previously voted in New York or, for that matter, in any other state.

Although it is not necessary to my decision, it is worth noting that I am also not persuaded that Delgado is domiciled in either of two other possible places – Massachusetts or Madrid. The evidence suggests that she comes to Massachusetts only for summer vacation and does not intend to make Massachusetts her true, fixed home. As to Madrid, the evidence is spare, and even if she were domiciled in Spain, because she is a United States citizen, jurisdiction would not be proper under § 1332(a)(2).

5

Because Delgado has not demonstrated that she is a citizen of New York, or any particular state other than Massachusetts, diversity jurisdiction is lacking, and this case shall be remanded to the Land Court.

## III. Delgado's Motions

In light of the foregoing, I have no occasion to consider Delgado's motions to stay discovery and to disqualify TePaske's counsel.

## IV. Conclusion

TePaske's motion to remand (No. 3) is GRANTED, and this matter is REMANDED to the Massachusetts Land Court, Dukes County. Delgado's motions to stay discovery (No. 20) and disqualify TePaske's counsel (No. 18) are MOOT.

It is SO ORDERED.

November 19, 2003
DATE

\s\ George A. O'Toole, Jr.
DISTRICT JUDGE