UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FALKEN INDUSTRIES, LTD.
and
ROY JANIS
    Plaintiffs

v.                                 Civil Action No. 04-12479 MEL

CHRISTIAN JOHANSEN
and
PATRICK SAUTIN
    Defendants

## AFFIDAVIT OF EMILE GOUIRAN

I, Emile Gouiran, on oath depose and state as follows:

1.    I am the Chairman of the Board of Director's Advisory Committee for Falken Industries, Ltd. (hereinafter "Falken").

2.    I make this affidavit based on my own personal knowledge or upon information which I believe to be accurate.

3.    As part of my duties as Chairman, I run a committee of consultants that advise the corporation and Board of Directors on different global corporate strategies.

4.    I never met Ms. Fredheim until after she was hired by Helle Madso.

5.    Ms. Fredheim was hired because of her legal background and to serve as General Counsel and Corporate Secretary.

6.    Ms. Fredheim never resigned from her position as General Counsel and Corporate Secretary at Falken.

7.    Ms. Fredheim's status with Falken is that she is currently on medical leave.

8.    I did not approach Ms. Fredheim for the purpose of ascertaining whether she had any friends or contacts in the United States for the purposes of filing a lawsuit in the United States against the Defendants.

9.    As part of her responsibilities as General Counsel (not as a legal assistant to me), Ms. Fredheim dealt with outside lawyers and reported to the Board as Corporate Secretary and to Helle Madso as General Counsel.

10.    Ms. Fredheim had no responsibilities whatsoever in New Business Development and therefore would not have been directly aware of any plans to expand into Massachusetts.

11. Falken, through the Defendants, Johansen and Sautin had a number of substantial dealings with Massachusetts suppliers and dealers including the attempted acquisition of patents and the acquisition of a large number of shareholders by virtue of a liquidating dividend.

12. There were numerous discussions about expanding into Massachusetts while the Defendants were working at Falken.

13. The Defendants were both charged with the responsibility of establishing a supply network and regional office in Massachusetts during the course of their brief period while working at Falken.

14. Despite Ms. Fredheim's statements in her affidavit, I am not the only individual authorized to solicit investors in Falken.

15. Ms. Fredheim solicited Mr. Pascal Fusco and his brother to become significant investors in Falken.

16. Mr. Sautin solicited and encouraged Mr. Janis to invest in Falken in my presence on several occasions.

17. There was a Board of Directors meeting which began on September 17, 2003 but was ultimately continued until September 20, 2003 in which the officers were changed and new directors appointed and all affirmed.

18. Patrick Sautin was a member of the Board of Directors of Falken since August 6, 2003.

The foregoing is true and accurate to the best of my knowledge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

_____
Emile Cochran, Chairman
Board of Directors Advisory Committee
Falken Industries, Ltd.

January 31, 2005
Date

## CERTIFICATE OF SERVICE

I, Carlo Cellai, Esq. hereby certify that I served a true copy of the within Plaintiffs' Reply in Support of their Opposition to the Motion to the Defendant's Motion to Dismiss, or, in the Alternative, to Stay and Compel Arbitration and Request for Evidentiary Hearing, Affidavit of Emile Gouiran dated January 31, 2005 and Plaintiff's Motion for Leave of Court to File a Reply in Support of their Opposition to the Motion to Dismiss, or, in the Alternative to Stay and Compel Arbitration and Request for Evidentiary Hearing by mailing a true copy of same, postage prepaid to:

Dustin B. Rawlin, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

And serving IN HAND to

Thomas Peisch, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, Massachusetts 02109

_____
Carlo Cellai, Esq.

2/1/05
Date