```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                                )
FALKEN INDUSTRIES, LTD.,        )
and ROY JANIS                   )
     Plaintiffs,                )
                                )
          v.                    )         04-CV-12479-MEL
                                )
CHRISTIAN JOHANSEN,             )
and PATRICK SAUTIN,             )
     Defendants.                )
                                )
```

MEMORANDUM AND ORDER

LASKER, D.J.

This action was removed from state court by defendants pursuant to 28 U.S.C. § 1332(a)(2). Plaintiffs move to remand the action on the grounds that subject matter jurisdiction is lacking because there is incomplete diversity among the parties as required under § 1332(a).

The motion to remand is GRANTED.

I.

Falken Industries, Ltd. ("Falken"), and Roy Janis ("Janis") a shareholder and director of Falken, (collectively "the Plaintiffs"), brought suit in Massachusetts state court against defendants Christian Johansen ("Johansen") and Patrick Sautin ("Sautin") (collectively, "the Defendants") for, *inter*

1

*alia*, alleged breaches of fiduciary duty, breaches of contract, conspiracy and fraudulent misrepresentation, in relation to Defendants' activities while working for Falken in Paris, France.

The Defendants removed the action from state court contending that original jurisdiction existed pursuant to 28 U.S.C. § 1332(a)(2), as the amount in controversy exceeded the sum or value of $75,000 and the suit "is between citizens of a State or States and citizens or subjects of foreign states." [Defs.' Notice of Removal ¶ 9 (Nov. 11, 2004)]. The removal notice stated that plaintiff Janis is a citizen of, and domiciled in, the Commonwealth of Massachusetts; that plaintiff Falken is a citizen of the state of New Jersey, the state of its incorporation; that defendant Sautin is a citizen of, and domiciled in, Paris, France; and that defendant Johansen is a citizen of, and domiciled in, Moss, Norway. (<u>Id</u>. at ¶¶ 4-7).

Plaintiffs oppose the removal notice and request that the action be remanded to state court. They argue that there is incomplete diversity between all parties to this litigation as required under 28 U.S.C. § 1332(a), because defendant Sautin has dual citizenship - French and American. Plaintiffs assert that in documents produced to Falken, signed by Sautin, Sautin has listed his citizenship as both French and American. Plaintiffs note that in the documents provided, Sautin also provided a social security number issued by the United States government.

Plaintiffs contend that for the purposes of determining whether diversity jurisdiction exists over the present matter, only the American nationality of Sautin should be recognized. Therefore, since the Plaintiffs are U.S. citizens, and the defendant Sautin is a U.S. citizen, complete diversity between the parties as required under § 1332(a)(2) is lacking.

Plaintiffs point out that Sautin has stated through counsel, and in his affidavit, that he is domiciled in Paris, France. Plaintiffs maintain that since Sautin is a citizen of the United States, Sautin's admission that he is domiciled outside the United States makes him a "stateless" citizen and thereby precludes diversity jurisdiction under § 1332(a).

Defendants respond that diversity jurisdiction is properly asserted because the Defendants are completely diverse from the Plaintiffs, given that Johansen is Norwegian and Sautin is French. Defendants concede that Sautin is a dual citizen with American citizenship. However, they argue that Sautin's dominant nationality is his French citizenship, and thus he is entitled to invoke alienage jurisdiction under § 1332(a)(2). Defendants contend that Sautin merely acquired U.S. citizenship as a matter of law because he was born to an American mother. Defendants assert that Sautin was born in France; has resided in France most of his life; has a French driver's license, French identification card, and a French passport; is married to a French citizen;

rents an apartment in Paris; pays taxes, votes and is employed in France; and that he currently lives in Paris, and has lived in France at all time periods relevant to this action.

## II.

There is no dispute regarding defendant Sautin's status as a dual citizen. The question remaining is whether an individual who possess both United States citizenship and citizenship in a foreign state in which he is domiciled, can invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Precedent and the facts of this case dictate that jurisdiction cannot be established over this action. First, jurisdiction pursuant to § 1332(a)(1) - which grants original jurisdiction over civil actions between "citizens of different States" - is inapplicable in view of the facts relating to Sautin. The Supreme Court has ruled that "in order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrian, 490 U.S. 826, 828 (1989). While Sautin is a citizen of the United of the States, he is not domiciled, within the meaning of § 1332(a)(1), in any state of the United States. See e.g. Valentine v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001) ("Domicile requires both physical presence in a place and the

intent to make that place one's home."). Rather, as the record shows, Sautin is domiciled in France, where, *inter alia*, he resides, is employed and votes. [See Def.s' Opp. to Pl.s' Mot. Remand, Exh. F, H, J - L (Jan. 5, 2005)]. Therefore, Sautin is a "stateless" American citizen for purposes of § 1332(a)(1) and is not amenable to suit thereunder. Newman-Green, 490 U.S. at 828.

Second, alienage jurisdiction cannot be exercised under § 1332(a)(2) - which confers jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state." Courts have increasingly held that "for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. 1332." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996); see Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2nd Cir. 1991); Sadat v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980); Kery v. American Airlines, Inc., 962 F. Supp. 264 (D.P.R. 1997); Bournigal-Mena v. Amador, et al., 1995 WL 58036 (D.P.R., Jan. 12, 1995). Thus, under § 1332(a)(2), the fact of Sautin's United States citizenship controls, and therefore, Sautin is not a "citizen or subject of a foreign state" for purposes of the diversity jurisdiction statute.

The Defendants' argument that Sautin's French citizenship is his dominant nationality and as such should be the only citizenship recognized for jurisdictional purposes, is

unpersuasive.  While the record clearly demonstrates that France recognizes Sautin as a French citizen, and that for purposes of jurisdiction Sautin is domiciled in France, no evidence has been submitted that Sautin has taken any active steps to renounce or terminate his status as an American citizen.  As elaborately discussed by the Seventh Circuit in the <u>Sadat</u> case, a dual citizen's dominant nationality is that of a foreign state when: (i) residence is that of the other state, and (ii) the individual "has manifested an intention to be a national of the other state and has taken all reasonably practicable steps to avoid or terminate his status as a national of the respondent state." <u>Sadat</u>, 615 F.2d at 1187.  In the instant case it is evident that Sautin continues to benefit from his Unites States citizenship, as Defendants admit that Sautin maintains a current U.S. passport which he uses "for the convenience of travel to the United States."  [Def.s' Opp. to Pl.s' Mot. Remand at 3, fnt. 4]. <u>See e.g.</u> <u>Kery</u>, 962 F. Supp. at 266 (court found that lack of evidence of renunciation and a showing that plaintiff, a dual citizen of United States and Dominican Republic, retained a current United States passport precluded a conclusion that plaintiff's dominant nationality was that of the foreign state).  Therefore, Sautin cannot simply elect to rely on his French citizenship alone to establish alienage jurisdiction so as to gain access to a United States federal court, because "this would give him an advantage

not enjoyed by native-born American citizens." Coury, 85 F.3d at 250 (relying on 1 MOORE'S FEDERAL PRACTICE § 0.74[4] (M. Bender 1996) ("the major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level. ... alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts.  The dual citizen, however, is an American for whom this justification ought not be available.")).

### III.

In the alternative, Defendants contend that Sautin can be dismissed from the action in order to maintain complete diversity between plaintiffs Janis and Falken, and defendant Johansen.  Defendants argue that although Sautin is alleged to be a co-conspirator and joint tortfeasor with Johansen, this is irrelevant because "[i]t is well-establish that joint tortfeasors and co-conspirators are generally not indispensable parties." Casas Office Mach., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 677 (1st Cir. 1994).  Defendants maintain that Plaintiffs will not suffer any prejudice from Sautin's dismissal as they can pursue their separate claims against Sautin elsewhere.

District courts have the authority "to dismiss dispensable, non-diverse parties to cure defects in diversity

jurisdiction." Casas, 42 F.3d at 675 (citing Newman-Green, 490 U.S. at 832-38). However, as emphasized by the Supreme Court, the authority to dismiss a nondiverse party "should be exercised sparingly", and a court "should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." Id. at 838.

Here, irrespective of whether Sautin is a dispensable party to this litigation, the "practicalities" of the case fail to warrant the dismissal of Sautin - a nondiverse party - in order to preserve federal jurisdiction. Newman-Green, 490 U.S. at 837. Moreover, Plaintiffs would probably be prejudiced by being required to proceed against Defendants in two separate actions, in different forums, which would lead to the possibility of inconsistent judgments.

Non-dismissal of Sautin is further justified by the fact that it is Defendants, not Plaintiffs, who seek to dismiss Sautin. See 15 MOORE'S FEDERAL PRACTICE § 102.18[1] (M. Bender 2004) ("Normally, courts will look more favorably on a motion to drop a nondiverse defendant when it is made by a plaintiff than when made by a defendant."). In fact, Plaintiffs want to retain the nondiverse defendant Sautin. "If a plaintiff prefers to retain a nondiverse defendant, the court will not interfere with that decision. However, the court must then dismiss the case for lack of federal jurisdiction." Allendale Mut. Ins. Co. v. Excess

Ins. Co. Ltd., 62 F. Supp. 2d 1116, 1123 (S.D.N.Y. 1999) (citing 15 MOORE'S FEDERAL PRACTICE § 102.18[1] (M. Bender 1999)).

\* \* \*

Because there is incomplete diversity in the citizenship of all adverse parties to this litigation, as required under 28 U.S.C. § 1332(a), the Court lacks subject matter jurisdiction over this action.  It follows that since the Court is without jurisdiction, Defendants' pending motion to dismiss is moot.

Accordingly, the Plaintiffs' motion is GRANTED, and the action is remanded to state court.

It is so ordered.


Dated:    March 7, 2005
          Boston, Massachusetts         Morris E. Lasker
                                              U.S.D.J.